## Houghton *v.* Houghton, Administrator.

Suit by a widow against the administrator to recover 300 dollars, under § 21 of the act regulating descents. Answer, that the plaintiff, prior to her marriage with the decedent, was a widow, and had children by a former husband, and was possessed of property, real and personal, acquired by her former marriage, and the decedent was a widower having children by a former marriage, and also property acquired by such former marriage; that before their marriage, and in view of the same, in order that their contemplated marriage might not effect any change in their respective rights to the property, and that the same might descend to the children of each, as though no marriage had taken place, it was verbally agreed that the decedent should pay to the plaintiff, during coverture, one-third of the net profits of his lands for her use, independent of his control, and claim no right to the use or control of her separate property during coverture, or afterwards, but let it all go to her children by her former marriage, if not otherwise disposed of by her; and in consideration of the foregoing, the plaintiff relinquished all claim to any portion whatever of her said intended husband's estate after his death, but agreed that it should all go to his children by a former marriage, if not otherwise disposed of by him.

*Held,* 1. That this agreement may be regarded as fully executed by both parties.

2. That it was liberal to the wife, and not void for being by parol.

3. That it might have been valid if made during coverture.

14   505
135  505

14   505
149  159
151  208

May Term,    4. That it was not void by the statute of limitations, because not to be per-
1860.           formed within a year.
             5. That it was always competent for the husband, by an antenuptial contract,
HOUGHTON         to purchase his wife's personal fortune; and consequently he may buy her
   v.            interest in his own.
HOUGHTON.    6. Antenuptial contracts to be executed after the marriage has been deter-
                 mined, are not destroyed by the marriage.

Tuesday,          APPEAL from the *Marshall* Court of Common Pleas.
June 12.       PERKINS, J.—*Susannah Houghton*, the widow of *James
             Houghton*, deceased, brought her action in the Court be-
             low against the appellant, administrator of said decedent,
             to recover 300 dollars, which she claimed under the provi-
             sions of § 21 of the "Act regulating descents and the ap-
             portionment of estates," 1 R. S. p. 251.
               The defense set up was, in substance, that said *Susan-
             nah*, prior to her marriage with the decedent, was a widow,
             and had children by a former husband, and was possessed
             of property, real and personal, acquired by her former mar-
             riage, and the decedent was a widower having children by
             a former marriage, and also property acquired by such
             former marriage; that before their marriage, and in view
             of the same, in order that their contemplated marriage
             might not effect any change in their respective rights to
             the property, and that the same might descend to the chil-
             dren of each, as though no marriage had taken place, it
             was verbally agreed that the decedent should pay to said
             *Susannah*, during coverture, one-third of the net profits of
             his lands for her use, independent of his control, and claim
             no right to the use or control of her separate property dur-
             ing coverture, or afterwards, but let it all go to her children
             by her former marriage, if not otherwise disposed of by
             her; and, in consideration of the foregoing, said *Susannah*
             relinquished all claim to any portion whatever of her said
             intended husband's estate after his death, but agreed that
             it should all go to his children by a former marriage, if not
             otherwise disposed of by him.
               This agreement was *held invalid* by the Court below.
               The agreement was fully executed on the part of the
             deceased husband, so that the consideration for the agree-

ment of relinquishment on the part of the wife was fully
paid and received; and, inasmuch as the property in which
she relinquished her right was in the possession of the
husband, and then in his representative after his death, no
act was required to be done on the part of the wife or
widow in further execution of the agreement on her part;
and it seems that the agreement may, therefore, be re-
garded as one fully executed by both parties.   This would
appear to be manifest from the fact that the widow is
now, in violation of her agreement, in violation of equity
and good faith, invoking the aid of a Court to enable her
to prevent the execution on her part from becoming opera-
tive.   The agreement was extremely liberal to the wife,
and was not void for being by parol.   *Barnett* v. *Goings*,
8 Blackf. 284.—*Resor* v. *Resor*, 9 Ind. R. 347.—*Livingston*
v. *Livingston*, 2 Johns. Ch. 537.—*Malin* v. *Coult*, 4 Ind. R.
535.   See 2 Bright's Husband and Wife, p. 90, *et seq.*

The foregoing cases show that the contract might have
been valid, even if it had been made during coverture.   It
was affirmed and executed during that relation.

It is claimed that the contract was void because not to
be performed within one year.

It seems that contracts, as a general proposition, are
not, by part performance, taken out of the operation of
that clause of the statute making contracts incapable of
enforcement by suit where they are not to be performed
within a year.   See note to *Fenton* v. *Emblers*, in 1 Wm.
Blacks. R. (2d ed.), p. 354; Walk. Am. Law, p. 423.   But,
in this case, we have seen, performance probably took
place.   And as to the application of the rule to contracts
concerning marriage, and the rights and liabilities incident,
see *Jenkins* v. *Eldridge*, 3 Story's R. 184.   But if perform-
ance was not shown to have taken place, still, according
to the case of *Wiggins* v. *Keizer*, 6 Ind. R. 252, the contract
was not one of which the performance necessarily extended
beyond a year, so that it was not within the statute.

It may properly be noticed here that this suit involves
only personal estate; and it may be laid down as un-
doubted law, that it was always competent for the hus-

May Term,
1860.

band, by an antenuptial contract, to purchase his wife's personal fortune. Bright, *supra*.

It may be further observed that the statute only applies to cases where the contract is not to be performed by either party to it within a year. Smith on Cont. (Rawle's ed.), side page 140.

If he could buy hers, it would surely be competent for him to buy out her interest in his own.

Antenuptial contracts, to be executed after the marriage has been determined, are not destroyed by the marriage. 1 Shars. Blacks. Comm., p. 442, note 28.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Bradley*, for the appellant.