May Term,
1861.

DEAN
v.
RICHARDS.

Wednesday,
May 29.

---

DEAN, Executor of RICHARDS, v. RICHARDS.

Suit by a surviving wife against the executor of her deceased husband, to recover $300 of the assets in his hands. The executor answered : 1. by a general denial ; 2. setting up an ante-nuptial agreement. A demurrer was sustained to each paragraph of the answer; and the defendant failing to answer further, the Court gave judgment for plaintiff, for want of an answer.

*Held*, that it was error to sustain a demurrer to the general denial.

*Held*, also, that a judgment, without proof, for want of an answer was also erroneous.

Wednesday,
May 29.

APPEAL from the *Grant* Common Pleas.

*Per Curiam.*—Suit by *Sarah Richards* against the executor of her deceased husband, to recover $300 of the assets in his hands. The defendant answered in two paragraphs. One

was the general denial. The other set up in bar the following ante-nuptial agreement:

"Memorandum of an agreement made and entered into by and between *Henry Richards*, sen., and *Sarah Allen*, both of the county of *Grant, Indiana,* WITNESSETH: That in consideration hereafter mentioned, to wit: the parties propose to unite in matrimony, and both owning property, it is therefore agreed by the said parties, that, in consideration thereof, the said *Henry Richards*, sen., is to have the right to dispose of his lands by will or otherwise, agreeably to his own views; provided if he dies first, the said *Sarah* is to be furnished with a house and home, and support on the home farm during her lifetime; she is also to be entitled to such property as may be left of what she brings to him; also a share of what may be made and laid in for the support of the family, she taking care of his children while they are willing to stay with her. It is further agreed, that so much money as the said *Henry Richards*, sen., may have over and above what may be needed for the support of the family, the said *Henry Richards*, sen., is to dispose of by will or otherwise, as to him shall seem right; whereof the said *Sarah* claims no part, and hereby relinquishes all right thereto; that is, what is now accumulated. And the said *Sarah* is to take care of said children, or cause them to be taken care of or provided for, if the said *Henry* shall die before they are able to take care of themselves; that is, the young children, or those by *Mary*. The said *Sarah* is to pay the taxes and keep up the farm after his death, if he dies first."

This agreement was signed, witnessed, and acknowledged before a justice of the peace.

A demurrer was filed to the answer, which, says the record, was sustained as to each paragraph of the answer, and the defendant excepted. Whereupon, says the record, the defendant failing to answer further, the Court, for want of an answer, entered judgment for the plaintiff for $300, &c. We see no reason why the general denial was not a good answer, and it was clearly erroneous to sustain a demurrer to it. The judgment without proof was, of course, erroneous. As to the second paragraph of the answer, see *Houghton* v. *Houghton*, 14 Ind. 505.

The judgment is reversed, with costs. Cause remanded, &c., with instructions to overrule the demurrer.

*I. Van Devanter* and *Jas. F. McDowell*, for the appellant.
*John Brownlee*, for the appellee.