HAUGH and Others *v.* BLYTHE'S Executors.

CONTRACTS OF MARRIED WOMEN.—The separate mortgage and notes of a married woman, given to secure the payment of the purchase money, for real estate sold and conveyed to her, are void, and are not competent evidence for any purpose.

VENDOR'S LIEN.—But the lien of her vendor for the purchase money is not thereby impaired, where the contract of sale on his part has been fully performed.

STATUTE OF FRAUDS.—And the fact that, by the terms of her purchase, in such a case, a part of the purchase money was not payable until the expiration of a greater period than one year from the date of the sale, does not impair the vendor's lien for the purchase money, because the Statute of frauds in such cases, applies to such contracts as are not to be performed by *either* party within a year.

WITNESS.—Where a married woman purchases real *estate*, and dies, and her vendor sues to enforce his lien for the purchase money, against her husband and heirs, her husband is a competent witness for the plaintiff, but can not testify as to matters for or against his wife, or as to communications made to him by her during coverture.

EVIDENCE.—As to what evidence is sufficient to establish a vendor's right to enforce his lien. ` See the latter part of the opinion herein.

APPEAL from the *Marion* Circuit Court.

DAVISON, J.—This was an action by the appellees, who were

the plaintiffs, against *Emanuel*, *Charles*, *William*, and *Ann* *Haugh*, to enforce a vendor's lien for purchase money. The complaint consists of two counts. The first alleges that on the 26th of *July*, 1855, *Margaret M. Haugh*, then in life, but now deceased, and who at her death was the wife of the defendant, *Emanuel Haugh*, and the mother of the defendants, *Charles*, *William*, and *Ann*, purchased of *Benj. I. Blythe*, who was then also in life, but now deceased, and received a conveyance from him for Lot No. 5, in *Blythe's* subdivision of lots numbered 4, 5, and 6, in *Thorp's* division of square 20, in the city of *Indianapolis*, and that 233 dollars and 66$\frac{2}{3}$ cents, the purchase money of said lot, which was to be paid, as follows: 116 dollars and 33$\frac{1}{3}$ cents in one year from the date of the purchase, and the same amount within two years from that date, is due and remains unpaid. That *Margaret Haugh*, at her death, left the defendants as her heirs at law, but left no property other than the above described lot; and that *Blythe*, at the time of his death, had a lien upon said lot, as vendor, for the purchase money, &c.

The second count avers that *Margaret M. Haugh*, at the date of the purchase and the execution of the conveyance, gave two promissory notes for the purchase money, each dated *July* the 26th, 1855, each for the payment of 116 dollars and 33$\frac{1}{3}$ cents, and payable one at one year, and the other at two years; and to secure the payment of these notes she, *Margaret*, then executed to *Blythe*, a mortgage on the premises, sold and conveyed as aforesaid. It is further averred that said mortgage is inoperative and void, for the reason that *Margaret*, when it was by her executed, was a married woman, and that the same has been repudiated by the defendants.

The plaintiffs, in fact, say that *Blythe* retained, and had at his death, a vendor's lien upon the described premises, which were and are of the value of 300 dollars, and that said pur-

chase money is due, and remains unpaid, &c. The relief sought is that such vendor's lien be enforced; that the premises, or so much thereof as may be necessary to pay the above purchase money, with interest, &c., be sold, &c., and that they, the plaintiffs, have such other and further relief, &c., as may seem meet and proper, &c.

Defendants demurred to the second count; but the demurrer was overruled. And thereupon, as to the entire complaint, they answered: 1. By a general traverse. 2. Payment. And as to the first count, they answered thus: 3. That on the 26th of *July*, 1855, and long previous thereto, and until her death, *Margaret M. Haugh* was the wife of the defendant, *Emanuel Haugh.* 4. As to 116 dollars and 33⅓ cents of said demand, that that sum was not to be paid until the expiration of two years from the date of the agreement to pay the same, and that no promise, contract, agreement, memorandum, or note thereof was in writing, &c. Demurrers to the third and fourth paragraphs of the answer were sustained, and the defendants excepted.

The issues were then submitted to the Court, who found for the plaintiff, and, having refused a new trial, adjudged, finally, that the notes and mortgage referred to in the complaint are void; that *Benj. I. Blythe*, in his lifetime, held a vendor's lien upon the lot, above described, for the purchase money, which still exists; that the value of the lot at the time it was conveyed, by *Blythe*, was 450 dollars, and that there is due upon said vendor's lien 312 dollars; and further, it was adjudged that the equity of redemption of the defendants, in the premises, be foreclosed, and that the same be sold for the payment of the sum found due, &c.

In support of the demurrer to the third paragraph, we are referred to a provision of the statute, which says: "A wife shall have no power to incumber or convey her lands, except by deed, in which her husband shall join."—1 R. S. (G. & H.)

Haugh and Others *v.* Blythe's Executors.

p. 374, s. 5. But this provision, it seems to us, is not applicable to the point made by the demurrer. It does apply to incumbrances expressly created by the deed of the wife, in which the husband does not join; but not to liens, such as result from the transaction of a purchase of real estate, made by her while a *femme covert*. The demurrer to the third paragraph was, therefore, well taken. Nor does the fourth paragraph constitute any defence to the action. As has been seen, the contract of sale was fully performed by the vendor, at the time it was made, and though not to be performed, on the part of the vendee, until after the expiration of a year, it is not in conflict with the statute of frauds, because that statute applies only to cases "where the contract is not to be performed by either party to it within a year." *Houghton* v. *Houghton*, 14 Ind. 505, and authorities there cited.

During the trial, the plaintiff offered in evidence, the notes and mortgage referred to in the complaint, which, over the defendant's objection, were admitted. This ruling was erroneous. These instruments are conceded, by the complaint, to be void, and are really so, for the reason that they were executed alone, by a married woman, and could not, therefore, be used for any purpose. 1 R. S. *supra.*

The record contains a bill of exceptions, which shows that the plaintiff, upon the trial proposed to introduce the defendant, *Emanuel Haugh*, as a witness, and the defendants, it having been admitted that said *Margaret M. Haugh*, at the date of said deed, and until her death, was the wife of said *Emanuel*, objected to his introduction, on the ground that she had been his wife as aforesaid; but the Court overruled the objection and compelled him to testify.

An act in force when these proceedings were had, provides *inter alia*, that, "Any person, a party in an action may testify in his own behalf, or in behalf of any other party or parties therein, and any one person or party in a suit may compel

any other person or party therein to testify," &c. To this rule, however, there are various exceptions pointed out by the same enactment, and one of them is, that "husband and wife shall not be compelled to testify, as to matters for or against each other, or as to communications made to each other during marriage." Acts 1861, p. 52, ss. 2 and 3. In view of these provisions, we perceive no error in the ruling of the court. The marriage relation between the witness and *Margaret M. Haugh*, had ceased to exist, and, of course, he could not be called on to testify as to matters, either for or against her as his wife. 8 Ind. 180, 1 Greenlief's Ev. s. 338, and notes. It may be that he could not be examined as to communications made to him, by her, during the coverture; still the court was authorized to place him on the stand as a witness, and in the course of his examination, to determine, whether the questions propounded to him would, in view of the relation of husband and wife, which had existed, lead to illegitimate evidence.

The remaining inquiry relates to the evidence. Was it sufficient to sustain the finding? The mortgage and notes having been illegally admitted, must be deemed out of the record. What then is the evidence? The deed executed to *Margaret M. Haugh*, for the premises was read on the trial, and is in these words:

"*Benjamin I. Blythe*, of *Marion* County, in the State of *Indiana*, conveys and warrants to *Margaret M. Haugh*, of said county, for the sum of 350 dollars, the following real estate in the same county and State, to-wit: being lot numbered 5, in *Blythe's* subdivision of lots numbered 4, 5, and 6, in *Thorpe's* division of square 20, in the city of *Indianapolis*. In witness whereof, the said *Benjamin I. Blythe* has hereunto set his hand and seal, this 26th of *July*, 1855."

                                    BENJAMIN I. BLYTHE.  [SEAL.]

Haugh and Others *v.* Blythe's Executors.

This deed appears to have been duly acknowledged and recorded. And it was proved by competent evidence, that upon the execution of said deed, *Blythe*, the grantor, put *Margaret M. Haugh*, and her husband, *Emanuel Haugh*, into possession of the premises conveyed, and that they remained in possession thereof until her death, and he has been, and still is in possession of the same; that *Margaret* and *Emanuel* after they took possession of the premises, made improvements thereon, worth 1000 dollars; that the premises at the date of said deed were of the value of 450 dollars, and that *Margaret* at her death left said defendants her heirs at law; but she left no property of any kind, other than that described in the deed. This is believed to be, in substance, all the legal evidence given in the cause. We think it authorized the finding of the court.

It may be noted that the deed simply states the amount of the purchase money, but does not acknowledge the receipt of it; hence the court, in the absence of contrary evidence, had a right to infer that 350 dollars was the price contemplated for the sale and conveyance of the premises, and that evidence, taken in connection with the proof, that at the vendee's death, "she left no property other than that described in the deed," was sufficient to establish the plaintiff's right to enforce a vendor's lien.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*John Cavin*, for the appellants.

*Morrison & Ray*, for the appellee.