## BAYNES *v.* CHASTAIN.

TRESPASSING ANIMALS.—*Adjoining Proprietors.—Partition Fence, Agreement to Maintain.—Statute of Frauds.—Consideration.—Landlord and Tenant.—Pleading.*—To a complaint seeking to recover damages done by trespassing animals, the defendant answered that the field broken into adjoined the defendant's enclosure; that the fence through which said animals broke was a partition fence; that said partition fence, by agreement between the defendant and the plaintiff's lessor, was divided into two parts, one part of which said lessor was to build and keep in repair, in consideration that the defendant should build and keep in repair the other

part, each portion to be so maintained as to protect the parties as adjoining land-owners ; that the defendant had maintained and kept in repair his portion, but that said lessor had not built a good and sufficient fence and had not kept it in repair, and that the injury complained of was caused by said cattle breaking through that portion of said fence which the plaintiff's lessor agreed to maintain.

*Held,* that under section 15, 1 R. S. 1876, p. 496, the contract set out in the answer is valid and made upon a good consideration, and the answer is sufficient.

*Held,* also, that such contract, not being alleged to be in writing, must be presumed to be parol, but it is not impaired by any provision of the statute of frauds.

*Held,* also, that the plaintiff, as tenant, was bound to the same extent as his landlord to maintain the fence.

From the Washington Circuit Court.

*D. M. Alspaugh* and *J. C. Lawler,* for appellant.

*S. B. Voyles,* for appellee.

Howk, C. J.—In this action the appellee sued the appellant, and, in his complaint, alleged, in substance, that on the —— day of October, 1877, and from that day continuously until the —— day of November, 1877, the appellant's cattle, horses and mules did then and there break into, and trespass and go upon the real estate and field in the appellee's possession, and upon the corn (standing in said field) belonging to the appellee; that the appellant's said animals so broke into said corn, over and through an inside partition fence, and not over or through an outside fence or enclosure; that the appellant's said animals did then and there eat, pull down, trample upon and otherwise injure the appellee's said corn, to his damage in the sum of one hundred dollars ; and that the said trespass was committed as aforesaid, in Washington county, Indiana. Wherefore, etc.

To this complaint, the appellant answered in two paragraphs, of which the first was a general denial, and the second set up affirmative or special matter, by way of defence. The appellee demurred to the second paragraph of

said answer, upon the ground that it did not state facts sufficient to constitute a defence to his action ; which demurrer was sustained by the court, and to this decision the appellant excepted.

The cause was tried by a jury, and a verdict was returned for the appellee, assessing his damages in the sum of seventeen dollars. The court rendered judgment on the verdict, and from this judgment this appeal is now prosecuted.

The decision of the court in sustaining the demurrer to the second paragraph of his answer is the only alleged error complained of by the appellant, in this court. In this second paragraph of answer, the appellant alleged, in substance, that the field or enclosure, mentioned in appellee's complaint as having been broken into and entered by the appellant's cattle, horses and mules, adjoined the appellant's enclosure ; that the fence, over and through which it was alleged the said animals did break and go, was a partition fence, and separated the appellant's fields from the close into which it was averred in the complaint that the appellant's animals did break and go ; that the said partition fence was, by agreement entered into by and between the appellant and Greenbury Martin, Jr., and Walter B. Martin, the lessors of the appellee, divided into two parts; that the said Martins were to build and keep in repair and maintain one portion thereof, in consideration that the appellant should build, keep in repair and maintain the other portion thereof; that, by the terms of said agreement, each of said parties was to build and keep his portion of said fence in such a manner as to fully protect the other from loss or injury of any kind or character, arising out of their relation to each other as adjoining landowners ; that the appellant. in pursuance of said agreement, had built and had since maintained and kept in repair his portion of said fence, and had saved the said Mar-

tins and their tenants from loss or injury on account thereof, but that the said Martins had not built a good and sufficient fence, and had not kept it in repair; that the breaking over and through, into appellee's enclosure, by the appellant's cattle, horses and mules, was over and through that portion of said partition fence which the appellee's lessors were to build and keep in repair, and not over or through that portion of said fence which the appellant was to build and maintain. Wherefore, etc.

It seems to us that the court erred in sustaining the appellee's demurrer to this second paragraph of the appellant's answer. The contract or agreement between the appellant and the appellee's lessors, counted upon in this paragraph of answer, was a valid and binding contract, fully authorized and contemplated by the statute of this State in relation to partition fences, and made upon a sufficient consideration. In section 15 of " An act concerning enclosures, trespassing animals, and partition fences," approved June 4th, 1852, as said section was amended by an act approved December 19th, 1865, it is provided as follows :

" Sec. 15. A lawful partition fence shall in all cases be such as to enclose and restrain sheep, unless by mutual consent of the parties interested, they agree to build a fence only to restrain or enclose horses, mules or cattle ; except when otherwise specially agreed, partition fences dividing lands, occupied on both sides, shall be maintained throughout the year, equally by both parties." 1 R. S. 1876, p. 496.

It will be observed that, in this amended section, a lawful partition fence is defined and described, " in all cases," unless the parties interested, " by mutual consent," agree to build a certain other kind of fence ; and then it is provided, that the partition fence shall be maintained " equally by both parties," unless they have " specially agreed "

that it should be maintained in some other manner. It was certainly competent, therefore, for the appellant and the appellee's lessors to specially agree between themselves that the partition fence, dividing their respective lands, should be maintained by them respectively, in the manner indicated in the second paragraph of the appellant's answer, and, in such case, the appellant's agreement to build, keep in repair and maintain a certain specific portion of said partition fence, was clearly a sufficient consideration for the special agreement of the appellee's lessors to build, keep in repair and maintain a certain other specified portion of said partition fence.

But it is claimed by appellee's counsel, that the contract or agreement, counted upon in the appellant's special answer, was not in writing, and was, therefore, void: 1. Because it related to real estate; and, 2. "Because it could not, in the nature of things, be performed within one year." It was not stated in the answer whether the said contract was or was not in writing; but, for that reason, it must be conclusively presumed, under the code of practice and pleading, that the contract was not in writing. *Harper* v. *Miller*, 27 Ind. 277. It is true, that the contract related to real estate, but it was not a "contract for the sale of lands;" and therefore it did not fall within the fourth clause of the 1st section of the statute of frauds. Possibly, the contract was one which "could not, in the nature of things, be performed within one year;" but it related to real estate, and the law may be regarded as settled, that the fifth clause of the 1st section of the statute of frauds, which declares in effect that no action shall be brought upon any parol or verbal agreement "that is not to be performed within one year from the making thereof," is not applicable to agreements in relation to real estate. *Fall* v. *Hazelrigg*, 45 Ind. 576, and authorities cited; and 1 R. S. 1876, pp. 503 and 504. We may well

conclude, therefore, as we do, that the contract or agreement between the appellant and the appellee's lessors, upon which the appellant's special answer was founded, was not vitiated or impaired by any of the provisions of the statute of frauds.

In the recent case of *Hinshaw* v. *Gilpin*, 64 Ind. 116, the validity of such a contract or agreement, of and concerning partition fences, as the one stated in the second paragraph of the appellant's answer in the case now before us, was fully recognized by this court. In the case cited, it appeared that a special agreement had been entered into between the parties to the suit, in relation to a certain partition fence which divided their respective lands, whereby each of the parties was bound to maintain a specific portion of said fence; and it further appeared that the defendant's cattle, in the commission of the alleged trespass upon the plaintiff's fields, for which the suit had been brought, had broken into and entered upon the said fields, over and across the specific portion of such partition fence which it was the plaintiff's duty to maintain under the terms of the special agreement; and, in such case, it was held by this court that the defendant would not be liable for the damages done by his cattle to the plaintiff's fields, unless the plaintiff had shown that, at the place where the cattle crossed over and entered upon his fields, there was a "lawful partition fence," within the meaning of said amended section 15 of the statute, and such as good husbandmen generally keep, "on the testimony of skilful men." By the act of December 19th, 1865, amending said section 15 above quoted, a "lawful partition fence" was defined, provided for and required; and the parties interested were fully authorized, as we construe the section, to "specially agree" between themselves, upon the manner in which such fence shall be sustained. Since the enactment of this amended section, it seems to us, that when the

parties interested have specially agreed, that the whole or a specific part of a partition fence shall be maintained by one of them, if a domestic animal shall break into the enclosure of such one of the parties, over that specific part of the partition fence which he had agreed to maintain, he can not recover the amount of damage done, unless he can show that such part of said fence was at the time a lawful partition fence.

The appellee's lessors were bound by their contract, as stated in the second paragraph of the appellant's answer, to build, keep in repair and maintain their specific portion of the partition fence dividing their land from the appellant's land; and the appellee, as tenant, by virtue of his occupancy of the lessor's lands, was bound to the same extent as his landlords, to build, keep in repair and maintain their specific portion of such fence. Taylor Land. & Ten., sec. 183. In our opinion, therefore, the facts stated by the appellant in the second paragraph of his answer were sufficient to constitute a valid defence to appellee's action, and the demurrer to said paragraph ought to have been overruled.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to overrule the demurrer to the second paragraph of the appellant's answer, and for further proceedings not inconsistent with this opinion.