Filed Sept. 22, 1885.

No. 12,006.

## WOLKE v. FLEMING.

CONTRACT.—*Presumption.*—Contracts, not alleged to be in writing, will be deemed to have been by parol.

SAME.—*Lease.— Statute of Frauds.— Consideration.*—Where, as part of the consideration of the sale and transfer of a lease for ten years of real estate, the assignee agreed " to assume the covenants, and pay the rent, agreed in said lease," such contract is not a promise to answer for the default of another, within the statute of frauds, but is an independent undertaking, founded upon a new and valuable consideration, for the benefit of a third person, and is valid.

SAME.—*Part Performance.*—The doctrine of part performance has no application to contracts that can not be performed by either party within a year.

SAME.—*Quantum Meruit.—Quantum Valebat.*—Where a person has rendered services, or transferred property, under a contract voidable under the statute of frauds, he may recover the value of the services or property under the *quantum meruit* or *quantum valebat.*

SAME.—*Possession.—Performance.*—Where possession has been given under a contract, and there has been full performance on one side, such contract is not within the statute.

SAME.—*Part Performance.—Quære,* whether the doctrine of part performance does not apply to leases of real estate, so as to take such contracts out of the statute of frauds.

PLEADING.—*Demurrer.*—Where the facts pleaded entitle a plaintiff to some relief, the complaint will repel a demurrer.

From the Allen Superior Court.

*T. E. Ellison,* for appellant.

*W. H. Coombs, R. C. Bell* and *S. L. Morris,* for appellee.

ELLIOTT, J.—On the 25th day of November, 1868, Louis Wolke executed to Robert Lowry a written lease, demising to him real estate in the city of Fort Wayne for the term of ten years. The lease was recorded on the 22d day of February, 1869. Lowry entered into possession and remained in possession until September 17th, 1870, and on that day executed a written assignment to Tucker, Dunn and Henderson. The assignees undertook to perform all of the covenants and conditions of the lease. Subsequently, Tucker assigned his interest in the leasehold to Frank Fürste, who assumed the obligations of Tucker. In 1873 Furste sold and transferred to William Fleming his interest in the business conducted on the demised premises, and put Fleming into possession. The latter agreed, as the complaint alleges, " as part of the consideration of such sale and transfer, to assume the covenants, and pay the rent agreed in said lease." The lease contains a covenant binding the lessees to pay twelve hundred dollars per annum rent for the demised premises. The rent has not been paid since November 25th, 1874, and the premises have been injured by the wrongful act of the tenants in possession. It is not averred that the assignments to Furste or to Fleming were in writing, nor is it averred that the lessees have been in possession of the premises since November 25th, 1874. Fleming, by the purchase of the interest of Furste, became a member of the firm originally composed of Tucker, Dunn and Henderson, but subsequently changed by the withdrawal of Tucker and the admission of Furste. The appellant succeeded by inheritance to the ownership of the real estate demised.

The assignments to Furste and to Henderson are not alleged to be in writing, and they are, therefore, deemed to have been by parol. *Budd* v. *Kraus*, 79 Ind. 137.

The appellee's argument prevailed below, and is renewed here. It rests upon these propositions:

*First.* Fleming's contract is a promise to answer for the default of another, and is within the statute of frauds.

*Second.* The contract of Fleming is within the statute of frauds, because it is one that can not be performed within one year.

*Third.* An assignment of a lease conveys an interest in real property, and must be in writing.

Of these propositions in their order. The first proposition is assumed with much confidence and the question treated as if it were free from difficulty. We do not share counsel's confidence, for we perceive serious difficulty in the question. Fleming's contract is for the benefit of a third person, and his promise is part of the consideration of the sale and transfer of the leasehold interest to him. It is a promise to a third person, and not to the creditor. There is an express promise to pay the rent, for this is the effect of his assumption of the obligations of his assignor. We have, then, a contract wherein the assignee of a leasehold agrees, as part of the consideration of the sale and transfer of that interest to him, to pay rent to the owner of the fee. It is difficult, if not impossible, to perceive any difference between such a contract and that of a grantee in a deed who assumes to pay an existing encumbrance on the land. Here the party for whose benefit the promise is made stands in relatively the same position as a mortgagee, the consideration of the promise for his benefit is the sale of the leasehold interest to the promisor, and the debt which the latter assumes is part of the purchase-money. It has been many times decided that the assumption by a grantee of the debt of his grantor is not within the statute of frauds. *Josselyn* v. *Edwards,* 57 Ind. 212; *Campbell* v. *Patterson,* 58 Ind. 66; *Hoffman* v. *Risk,* 58 Ind. 113; *Carter* v. *Zenblin,* 68 Ind. 436; *Davis* v. *Hardy,* 76 Ind. 272, and authorities cited p. 274; *Rodenbarger* v. *Bramblett,* 78 Ind. 213; *Dunham* v. *Craig,* 79 Ind. 117, see p. 122; *Pounds* v. *Chatham,* 96 Ind. 342.

In *McDill* v. *Gunn,* 43 Ind. 315, the reasons upon which this doctrine rests are stated, and among the cases cited and approved is that of *Barker* v. *Bucklin,* 2 Denio, 45. In that

case the defendant bought a pair of horses of his brother, agreeing as part of the purchase-price to pay a debt of his brother to the plaintiff, and it was held that the contract was not within the statute, the court saying: "Such promise was no more within the statute of frauds than it would have been if the defendant had promised to pay the price of the horses directly to his brother of whom he purchased them."

The case of *Helms* v. *Kearns*, 40 Ind. 124, declares the same doctrine as the cases cited; the court, in the course of the opinion, saying: "The contract was with the debtor to pay his debt to his creditor. Such a contract, it is well established, is not within the statute of frauds."

In the case of *Fisher* v. *Wilmoth*, 68 Ind. 449, the point decided appears in this statement of the court: "As to the appellants, the substantial allegations in both paragraphs are, that they, for a valid consideration to them paid, agreed with Manke & Fisher to make certain payments to the plaintiff which they had failed and refused to make. Such promises are not within the statute of frauds, and are hence binding upon parties making them." The court, in another case, said: "Here, the appellant promises the appellee, not that she will pay a debt of a third person to the appellee, but that she will give him certain property and money if he will do a certain act, viz., extinguish the debt due to him from a third person. He executes the contract on his part. It was a valid contract, good between the parties, on good considerations, mutually, and as it was not, on the part of appellant, a promise to pay the debt of another, it was valid, as to her, though not in writing." *Palmer* v. *Blain*, 55 Ind. 11. In direct line with these cases, and fully maintaining their doctrine, are the cases of *Louisville, etc., R. W. Co.* v. *Caldwell*, 98 Ind. 245; *Indiana Manfg. Co.* v. *Porter*, 75 Ind. 428; *Headrick* v. *Wisehart*, 57 Ind. 129; *Crim* v. *Fitch*, 53 Ind. 214.

A recent writer says: "The rule adopted in this class of cases is that an agreement to pay and discharge the debt of another made with the debtor or some person on his behalf,

if founded upon a new and valid consideration, is an independent undertaking, and does not come within the letter or spirit of the statute." Wood Frauds, 197, sec. 125. In support of the text, decisions are cited from nearly all of the courts of the Union. Other treatises upon the statute of frauds lay down the rule substantially in the same terms as those employed by the writer from whom we have quoted. Browne Statute of Frauds (4th ed.), section 166*b*; Reed Statute of Frauds, section 115.

The case before us falls fully within the principle declared by these authorities, for Fleming promised a third person, upon a new and valuable consideration, to pay Furste's obligation to his creditor. *Anderson* v. *Spence*, 72 Ind. 315; S. C., 37 Am. R. 162; Wood Frauds, 290. If Fleming had undertaken to pay the rent to Furste, no one would claim that the case was within the statute, and the fact that, instead of promising to pay it to Furste directly, he agreed to pay it to Wolke, the creditor, can not affect the question. So far as the claim for rent is concerned, we deem the complaint good, as against the objection under direct discussion. Whether it is good in so far as it seeks a recovery for injury to the demised premises, is a question not considered or decided.

The second proposition stated presents a different question from that discussed. To parry the force of the appellee's argument upon this proposition, appellant's counsel relies upon the doctrine of part performance, but he leans on a broken reed, for the doctrine of part performance has no application to contracts that can not be performed by either party within a year. Wood Frauds, 492; Reed Statute of Frauds, section 208; 1 Addison Con. (3d Am. ed.) 317, section 212.

Fleming's contract can not, it is evident, be performed within one year, for the rent which he agreed to pay is not due within that period. The intention of the parties, as indicated by their contract, is that the promisor, Fleming, shall not perform his part of the contract within a year. It is the intention that governs. Wood Frauds, 463, and authorities

cited n. If, however, the contract were conceded to be within the statute, still, there could be a recovery for the value of the consideration actually received, for it is quite well settled that one who has rendered services or transferred property under a contract, voidable under the statute, may recover the value of the services or property, under the *quantum meruit* or the *quantum valebat*. Reed Stat. of Frauds, section 211; Wood Frauds, 434, 435; Browne Stat. of Frauds (4th ed.), section 124; *Arnold* v. *Stephenson*, 79 Ind. 126, *vide* p. 129; *Stephenson* v. *Arnold*, 89 Ind. 426; *Landers* v. *Beck*, 92 Ind. 49, *vide* p. 51.

There are cases holding that the provision of the statute making void contracts that can not be performed within one year has no application to contracts conveying an interest in lands. *Fall* v. *Hazelrigg*, 45 Ind. 576 (15 Am. R. 278); *Baynes* v. *Chastain*, 68 Ind. 376. If this be the law, and the appellee is right in asserting that the contract declared on is one conveying an interest in land, his argument upon this point utterly fails. But, leaving out of view this doctrine and proceeding upon grounds where authority is more abundant, we shall find that the law is against him.

The case is not within the statute, for possession has been taken under the contract, and on one side there has been full performance. The author from whom we have already quoted says: "In England, and most of the States of this country, it is held that the statute only applies to contracts which are not to be performed by either side within a year, and therefore where a contract has been completely performed on one side within the year, the case will not be within the statute." Wood Frauds, 494. 1 Addison Con., p. 319, section 312. This is the doctrine of this court. *Houghton* v. *Houghton*, 14 Ind. 505; *Haugh* v. *Blythe*, 20 Ind. 24. The rule is a just one, because the party who has fully received all he contracted for should be coerced into doing what he promised. The doctrine is in harmony with the equitable principle that the statute of frauds can not be made the in-

strument of fraud, and to permit Fleming to acquire and retain all he contracted for and escape liability by interposing the statute as a shield, would be unjust.

There remains for discussion the third proposition. In discussing this appellant's counsel say, that the defence of the statute of frauds is a personal one, and can only be made by a party. This is the general rule. *Dixon* v. *Duke*, 85 Ind. 434; *Savage* v. *Lee*, 101 Ind. 514. This general rule, however, does not apply here, for Fleming is a party to the contract.

In the case under examination, the party admitted as one of the joint lessees, entered into possession, and paid rent from September, 1873, until November 25th, 1874. This must be held to create Fleming a tenant in conjunction with his partners, Henderson and Dunn. The agreement under which Fleming entered into possession created a tenancy of some kind, for he did not enter as owner, nor did he enter as a trespasser. The authorities are not in harmony upon this question; they all agree, however, that in cases of this class there is a tenancy, but some of them hold that where a lease is oral and for a longer period than that permitted by the statute, it is void only for the excess; others hold that such a lease creates a tenancy from year to year, and still others that it creates a tenancy at will. Reed Stat. of Frauds, sections 804, 805, 806; Browne Stat. of Frauds, sections 38, 40; Taylor Landlord and Tenant, section 56. This court, in one case, seems to approve the rule that the tenancy is one from year to year. *Schmitz* v. *Lauferty*, 29 Ind. 400. The tenancy can not, under our statute, be a tenancy at will, since such a tenancy can only be created by an express contract. If it be a tenancy at all, and that it is no one can doubt, it is either a tenancy under the terms of the contract, or, by force of the statute, a tenancy from year to year. The view most favorable to the appellee is that the tenancy is a general one; if a general one, it is a tenancy from year to year, and not determinable without notice. Wood Frauds, 14, 61. A

tenant from year to year can not, at his pleasure, abandon the demised premises and refuse to pay rent. The landlord has rights as well as his tenant, and the latter's interest or pleasure is not the only thing to be consulted.

It is difficult to conceive any reason why the doctrine of part performance does not apply to a lease. A recent writer, discussing the subject of leases, says: "The principle is well established that agreements carried into execution on one part, where the acts done are performed with a view to the agreement claimed, are not within the statute." Reed Stat. of Frauds, section 808. Many authorities sustain this position, but there is some conflict. *Schmitz* v. *Lauferty, supra; Creighton* v. *Sanders,* 89 Ill. 543.

The point under immediate mention has not been very much discussed by counsel, and we do not make any decision upon it, preferring to leave it undecided until we are aided by a more thorough discussion. It is not necessary that we should decide this question, for the reason that the complaint states facts entitling the appellee to some relief, whatever may be the decision upon this question.

Where the facts pleaded entitle a plaintiff to some relief, the complaint will repel a demurrer. *Bayless* v. *Glenn,* 72 Ind. 5; *Teal* v. *Spangler,* 72 Ind. 380; *Lovely* v. *Speisshoffer,* 85 Ind. 454. The facts stated do entitle the appellant to some relief, and the appellee must answer the complaint.

Judgment reversed, with instructions to overrule the demurrer to the complaint.

Zollars, J., did not participate in the decision of this case.

Filed Sept. 26, 1885.