Filed Nov. 24, 1885.

No. 12,159.

HINKLE v. FISHER.

CONTRACT.—*Statute of Frauds.*—*Performance within Year.*—It must affirmatively appear by the terms of a contract, that its stipulations are not to be performed within a year after it is made, in order to bring it within the provisions of the statute of frauds. Section 4904, R. S. 1881.

SAME.—*Parol Contract Involving Fifty Dollars.*—That part of the statute of frauds (section 4910, R. S. 1881), declaring contracts involving fifty dollars or more to be void in certain cases, has reference to the sale of

goods, the price of which amounts to fifty dollars or more, and not to contracts of a different character.

SAME.—*Performance.*—Performance of a parol contract, involving over fifty dollars, will take it out of the statute of frauds.

From the Randolph Circuit Court.

*T. Shockney,* for appellant.

*S. M. Whitten,* for appellee.

NIBLACK, C. J.—Action by Jacob Fisher against Squire J. Hinkle for damages alleged to have resulted from the non-performance of a parol contract. A demurrer having been first overruled, a jury returned a verdict for the plaintiff, assessing his damages at $65, and judgment followed upon the verdict.

The only question presented upon this appeal is, did the circuit court err in overruling the demurrer to the complaint?

The complaint charged that in March, 1882, the board of commissioners of the county of Randolph, in this State, upon the petition of the defendant Hinkle and others, made and entered of record an order for the construction of a free gravel and turnpike road, in said county, upon a certain route, particularly specified in such order; that the defendant was the owner of a farm, containing about seventy acres of land, upon the proposed line of such gravel and turnpike road, which would be greatly improved by the construction of such road; that consequently said road when completed would constitute a work of great pecuniary value to the defendant, all of which was well known to the defendant; that thereafter, by proper advertisements, bids were invited for the construction of such gravel and turnpike road; that thereupon the defendant, in the form of a bid, proposed to construct section twelve (12) of such road for the sum of $696.36; that inasmuch as there had been no bids for some parts of the proposed line of road, it was agreed between all interested that the entire line should be readvertised for bids, with the understanding that in certain contingencies the bids made and

filed under the first advertisement should be accepted and held to be mutually binding; that the defendant, being extremely anxious to have the road constructed, solicited the plaintiff to make a bid for the work to be done on said section twelve (12) under the new or second advertisement, and as an inducement to him, the plaintiff, to propose to do such work at the same price which he, the defendant, by his previous bid had offered to perform, promised to pay the plaintiff the additional sum of $3.64, so as to make the contract price equal to $700, and to furnish, free of charge, all the timber which might be needed in the construction of culverts on said section twelve (12), and also promised to likewise furnish, free of charge, all the gravel necessary for the building and completion of said section twelve (12) of the road in question; that fully relying upon the inducements thus held out, and the promises so made to him by the defendant, the plaintiff, on the 10th day of June, 1882, made and filed his bid under said new or second advertisement, proposing to do the required work on said section twelve (12) for the said sum of $696.36, and also filed a good and sufficient bond to secure the proper execution of his contract in the event of the acceptance of his bid; that his bid was thereafter, and in due time, accepted; that the plaintiff then entered upon the work which by his contract he had agreed to perform; that the defendant, although expressly requested, had failed and refused to pay said sum of $3.64, so as to make the contract price of such work equal to $700, and also had failed and refused to furnish any gravel to be used in the construction of such work; that by reason of the failure and refusal of the defendant to make good his inducements held out as above stated, and especially of his failure and refusal to furnish the amount of gravel he had promised to furnish, or any part thereof, the plaintiff was compelled to construct and complete the work required by his contract to be performed, at a loss to him of $183.64; whereas, if the defendant had fully performed all his agreements and promises, he, the

plaintiff, would have realized a profit of $150. Wherefore damages were demanded in the sum of $350.

The objection urged to the sufficiency of the complaint is, that the contract counted upon was void: *First*. Because by its terms it was not necessarily to be performed within a year from the time at which it was entered into. `Secondly*. Because the amount involved in the contract was presumably more than fifty dollars, and nothing was given or done at the time the contract was made to take it out of the statute declaring contracts involving fifty dollars or more to be void in certain cases, citing the 5th subdivision of section 4904 and section 4910, R. S. 1881.

As responsive to the first objection urged as above, it may be said that we have a long line of cases holding, and we have no doubt correctly, that it must affirmatively appear by the terms of a contract, that its stipulations are not to be performed within a year after the time of making such contract, in order to bring it within the provisions of the 5th subdivision of section 4904, and as nothing to that effect was affirmatively shown by the terms of the contract set out and sued on in this case, the first objection to its validity can not be sustained. *Wiggins* v. *Keizer*, 6 Ind. 252; *Houghton* v. *Houghton*, 14 Ind. 505; *Haugh* v. *Blythe*, 20 Ind. 24; *Marley* v. *Noblett*, 42 Ind. 85; *Baynes* v. *Chastain*, 68 Ind. 376; *Hunt* v. *Elliott*, 80 Ind. 245 (41 Am. R. 794); *Wolke* v. *Fleming*, 103 Ind. 105.

The second objection to the validity of the contract before us is equally untenable.

In the first place, section 4910, cited and relied upon by counsel, has reference to the *sale* of goods, the *price* of which amounts to fifty dollars or more. As there was no sale of property involved in the contract here in controversy, the section of the statute so cited and relied upon has no application to such a contract. In the next place, full performance of the contract in suit was averred in the complaint, and that was, in any event, sufficient to take the present case out of

·the provisions of the section of the statute lastly above referred to.    *Wolke* v. *Fleming, supra;* 7 Wait's Actions and Defences, 46.

The judgment is affirmed, with costs.

