Piper, Executor, v. Fosher.

Filed Jan. 9, 1890.

———————◆———————

No. 14,759.

PIPER, EXECUTOR, v. FOSHER.

CONTRACT. — *Decedent's Estate.* — *Statute of Frauds.* — *Agreement not to be Performed within One Year.*—*Performance on One Side.*—*Effect of.*—In a suit by A. against his daughter and her husband upon two promissory notes, each for $2,000, it was agreed by A., in compromise, that if the defendants would execute to him promissory notes equal in amount to the accrued interest on his claim when his granddaughter should have arrived at the age of twenty-one, he would assign to his granddaughter the notes in dispute, and, upon her becoming of age, pay her $2,000, making in all a sum equal to that given his grandsons. The agreement was fully carried out except as to the payment of the $2,000 by A.

*Held,* the defendants having fully performed their part of the contract

within the year, that A.'s promise, though parol, is capable of enforcement against his estate, and is without the statute of frauds.

SAME.—*Consideration.*—The defendants having released their defence to the notes, and agreed to pay the same with interest to A.'s granddaughter, and also having paid the costs of litigation, and executed with security notes for the accrued interest, which they afterwards paid, a sufficient consideration for A.'s promise is shown.

SAME.—*Attorney at Compromise.—Competency of as Witness.*—An attorney of the defendants and A.'s granddaughter present at the compromise to advise with his clients in reference to the negotiations resulting in the settlement, attorneys of both sides being present, is a competent witness, the prohibition of section 500, R. S. 1881, having no application in such a case.

From the Fayette Circuit Court.

*J. I. Little* and *D. W. McKee,* for appellant.

*G. C. Florea, R. Conner* and *H. L. Frost,* for appellee.

BERKSHIRE, J.—The appellee filed her claim against the estate of the decedent, which was disallowed by the said executor, and after being placed upon the issue docket for trial the said executor addressed a demurrer thereto, which the court overruled, and to the ruling of the court an exception was taken. Afterwards a trial was had before the court, and a judgment rendered allowing the sum of two thousand dollars, and an order made for payment in due course of administration.

The appellant filed his motion for a new trial, which was, by the court, overruled, and he excepted and now prosecutes this appeal.

We do not care to notice in detail the different errors assigned.

The statement of facts, as alleged in the written claim filed, is, in substance, as follows:

The claimant was the granddaughter of the decedent, and is the daughter of Susan and Daniel Fosher, the said Susan being a daughter of the decedent; that on the 10th day of January, 1882, the said Susan and Daniel Fosher executed to the decedent, jointly, two promissory notes calling for

$2,000 each ; that in the year 1883 the decedent brought suit upon the said notes against the said makers ; that it was claimed by the decedent that the consideration for said notes was a certain tract of land which the decedent had caused to be conveyed to the said Foshers; that the said Foshers claimed that the land was conveyed by the decedent as an advancement, and that the said notes were executed without consideration ; that the said Susan and Daniel were resisting the said action ; that on the 24th day of March, 1884, all differences between the parties were compromised and settled on the following terms :　The said Susan and Daniel Fosher agreed to execute to the decedent their four promissory notes with security for an amount equal to the amount of interest that would accumulate on the two $2,000 notes from that date down to the date at which the appellee would arrive at twenty-one years of age, which sum exceeded $1,300; that the decedent would assign to the appellee the said two $2,000 notes, dismiss his said action, and on the day that his said granddaughter would arrive at twenty-one years of age pay to her $2,000 in money, making in all $6,000, to make her equal to what he had given to each of two of his grandsons; and the said Foshers agreed to pay the costs that had accrued in said action ; that the said Susan and Daniel Fosher on their part fully complied with said agreement, and the decedent did likewise, except as to the payment of said $2,000, which is still due and unpaid.

Two objections are made to the cause of action stated in the claim :　(1) The agreement to pay the $2,000 was not in writing, and as the money was not to be paid within one year from the date of the agreement it is within the statute of frauds ; and (2), the agreement to pay the said sum of money was made without consideration.

We are inclined to the opinion that neither of these objections is well taken.　The following part of section 4904, R. S. 1881, is relied upon :　" No action shall be brought in any of the following cases : * * Fifth. Upon any agreement

that is not to be performed within one year from the making thereof.

"Unless the promise, contract, or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized."

The agreement in question was to be performed on the part of the said Susan and Daniel Fosher within a reasonable time, and is clearly not within the statute, and the same may be said as to all parts of the agreement which the decedent was to perform, except the payment of the $2,000 involved in this litigation. The agreement was performed within one year on the part of the Foshers, and likewise on the part of the decedent, except as to the payment of the $2,000 to be paid by him. Where the agreement is one which is to be performed within one year, on one side, and is so performed, the American authorities are very much divided as to whether that will take the case without the statute as to the party whose part of the agreement is not to be performed within one year. 1 Reed Stat. of Frauds, sections 206 and 209. But courts are very slow to apply the statute of frauds where by so doing instead of preventing a fraud its application will have the effect to work a fraud. *Wolke* v. *Fleming*, 103 Ind. 105; *Teague* v. *Fowler*, 56 Ind. 569; Baker Sales, section 308; Browne Stat. of Frauds, section 438.

In the case under consideration, if the decedent's estate is relieved from liability because of the statute, the result that follows is: 1. That the appellee is deprived of $2,000 of the $6,000 which her grandfather intended and supposed that he was advancing to her. 2. Susan and Daniel Fosher surrendered whatever defence they had to the two $2,000 notes. 3. The estate of the decedent retains the sum of money that was paid to him on the four notes executed to him as the result of the settlement, amounting to over $1,-

300, and the amount of costs paid for him accruing in the suit that was dismissed; or 4. The appellee is deprived of the entire $6,000 which her grandfather intended to advance to her, and for which she has no remedy; and the most, if anything, that the said Susan and Daniel Fosher can recover from the estate is the said sum paid on the said four notes and the amount of the costs paid as for money had and received.

Such a result would certainly be a fraud upon the appellee. But while we find the authorities divided, the rule that has been recognized in this State is, that where a parol contract is entered into, and there is by its terms to be a performance on one side within one year, and performance takes place, such performance takes the contract without the statute as to the other party, though by the terms of the contract performance extends beyond one year.

We refer to the following cases: *Houghton* v. *Houghton*, 14 Ind. 505; *Haugh* v. *Blythe*, 20 Ind. 24; *Bell* v. *Hewitt*, 24 Ind. 280.

In the last of these cases it is said: "The alleged agreement, having been performed by the plaintiff, is not affected by the statute of frauds." *Wolke* v. *Fleming*, *supra; Hinkle* v. *Fisher*, 104 Ind. 84; *McClellan* v. *Sanford*, 26 Wis. 595.

In the case under consideration, and we limit our decision to the facts and circumstances here involved, we hold that the clause of the statute relied upon did not afford to the appellant a defence to the claim.

The promise upon which the claim rests was supported by a valuable consideration; as to this we think there can be no question.

By the transaction the Foshers released whatever defence they may have had to the two $2,000 notes, and agreed to pay the same, with the interest thereon, to the appellee as $4,000 of the sum of $6,000, which the decedent desired to advance to the appellee; paid the costs that had accrued in the then pending litigation; executed four promissory notes,

with security thereon, for over $1,300, which they afterwards paid.

We do not think the court erred in overruling the motion to suppress the deposition of the witness Florea. Section 500, R. S. 1881, is relied on. The part of the section involved in the consideration of this question is: "No person who shall have acted as an agent in the making or continuing of a contract with any person who may have died, shall be a competent witness, in any suit upon or involving such contract, as to matters occurring prior to the death of such decedent, on behalf of the principal to such contract, against the legal representatives or. heirs of the decedent, unless he shall be called by such heirs or legal representatives."

The foregoing provision applies where an agent has acted for his principal in the making of a contract; whether it can be applied in any case when the parties to the contract are all present when it is entered into we need not now decide.

The contract for the payment of the $2,000 involved in this litigation was made with Susan and Daniel Fosher for the benefit of the appellee. The Foshers were the parties thereto on the one side and the decedent on the other, and all were present. Both sides had their attorneys present, the witness Florea representing the Foshers. But he was not there as the agent of the appellee, or of her father and mother, to make the settlement, but only to advise with his clients with reference to the negotiations which resulted in the settlement. The witness was competent.

We have carefully read the evidence, and are of the opinion that it fully sustains the finding of the court. We find no error in the record.

Judgment affirmed, with costs.

Filed Jan. 10, 1890.