HOWE *v.* YOPST *et al.*

EVIDENCE.—Where a married woman becomes the purchaser of real estate, but takes title, in the first instance, by bond to her husband, and, after the payment of the purchase money, takes a deed in her own name, and the property is alleged to be her husbands, and is attempted to be subjected to the payment of his debts, it is competent for her to give in evidence all the circumstances attending and the reason for the taking of the bond in her husband's name, for the purpose of removing any inference which might arise therefrom prejudicial to her rights.

APPEAL from the *Tippecanoe* Circuit Court.

HANNA, J.—*Howe* recovered a judgment against *David Yopst,* caused an execution to be issued, which was returned no property, &c. *Howe* then instituted this proceeding to subject certain real estate held by, and in the name of, the wife of said *David* to said execution, on the ground that it had been conveyed to her to hinder and defraud creditors, &c.

*Greenlee* asked to be made a defendant, and answered, setting up a judgment older than *Howe's,* and execution and purchase by him under said execution, and praying, &c.

The defendants, *David* and wife, denied the complaint and answer of *Greenlee.*

Howe *v.* Yopst et al.

Trial by a jury, verdict for the defendants, and that the lot was the separate property of the wife of said *David.*

It is urged that the Court permitted improper evidence to go to the jury. It was shown by the plaintiff by one *Foster,* the agent of the vendor,.that the property was purchased in 1851, and a title bond taken in the name of said *David;* that upon full payment having been made in 1857, a deed was made to said *David,* which he refused to accept, but caused the said property to be conveyed by deed to his wife. Upon cross-examination this witness was asked by the defendants what *David* said, and all the conversation that occurred, when he applied to contraet for the lot. This was objected to, but the statements were admitted, and were to the effect that *David* said his wife had some means and desired to purchase a lot; that she had made some money with her needle, and expected to make more; that the price of this lot was ascertained and he went away, and afterwards returned stating that his wife would take it; that witness told said *David* he could take. the bond in his own name and when he come to get a deed it could be made to his wife. Witness pursued this course because he preferred dealing with said *David* rather than with his wife.

There was other evidence in reference to her means and the application thereof.

We think the whole circumstances, &c., as the same occurred at, and in reference to said purchase, were proper to go to the jury to elucidate the point made, upon the bond having been taken in his name and deed in the name of his wife.

*Per Curiam.*—The judgment is affirmed, with costs.

*E. A. Greenlee,* for the appellants.