### KANE v. THE STATE.

#### No. 8851.

STATUTE CONSTRUED.—*Discretion of Judge in Appointing Attorney to Try Cause*—*Supreme Court.*—Section 2 of the act of March 7th, 1877, Acts 1877, Reg. Sess., p. 28, confers upon the judge from whom a change of venue is taken, the power and discretion to determine when it is difficult to procure another judge to try the cause, and when proper to appoint an attorney to act as judge therein, and the Supreme Court will not interfere unless there is shown to have been an abuse of such discretion.

EVIDENCE.— *Witness.*—*Entries and Erasures in Book of Accounts.*—Parol evidence of the contents of a book of accounts is not competent. It is error to permit a witness to testify as to entries and erasures in a book of original entries, unless the foundation for the admission of secondary evidence has been first properly laid.

From the Henry Circuit Court.

*W. A. Peelle* and *D. W. Comstock,* for appellant.

*D. P. Baldwin*, Attorney General, and *W. W. Thornton*, for the State.

Elliott, J.—The appellant was convicted of the crime of burglary.

One of the causes upon which the accused relies for a reversal of the judgment of conviction is, that the judge of the trial court erred in calling an attorney of the court to sit as judge *pro tempore*, without having first made some effort to secure the duly elected and qualified judge of some of the other courts of the State to preside at the trial. On the 8th of March, 1880, the appellant filed an affidavit alleging that he could not have a fair and impartial trial before the judge of the circuit court, and the court, on the same day, made the following order and certificate: " Being unable to procure a judge to try said cause without great delay, I do hereby appoint Hon. Joshua H. Mellett, a regular practicing attorney at the bar of said court, a resident of Henry county, said State, competent and of good standing, to act as judge in said cause, and the same is set down for hearing before him this the 8th day of March, 1880."

The appellant contends that the act of March 7th, 1877, requires that the judge against whom an affidavit is filed shall at least make some effort to procure another judge, and that the record must affirmatively show that he did make the effort and without success. We do not regard the act as so imperative and positive as to deprive the judge of all discretion, but, on the contrary, think ' that the law rests with him the power of determining when it is proper to call a duly qualified attorney. The provisions of the act touching this point are as follows: " In all cases, where change of venue from the judge is taken, he may call any other judge' of any circuit, superior or other court of general jurisdiction.　*　*　*　*　In all cases where another judge may be called, if it shall be difficult for any cause to procure the attendance of such

judge, to prevent delay, the court may appoint any competent attorney of this State, in good standing, to act as judge." Acts 1877, Reg. Sess., p. 28. There is no command in the act from which we quote, nor is there an express direction, to do a given thing in a certain manner. The power to decide when it is difficult to procure the attendance of a judge is conferred upon the judge of the court in which the case is pending. Not only so, but the statute also devolves upon the judge, against whom objection is urged, the duty of preventing delay by calling a competent attorney to sit as judge *pro tempore.*

The decision of both these questions must be made by the judge, and with him, therefore, rests the authority to determine when it is proper to call some other judge and when proper to appoint an attorney to act as judge. As the judge in the case was vested with a discretionary power, we can not reverse; for the rule is, that, where a trial court possesses and exercises a discretionary power, the appellate court will not interfere unless there is shown to have been an abuse of discretion. So far from there having been any abuse of discretion in this case, we think the court did entirely right in appointing an attorney and directing the trial to proceed without delay. It is evident that the accused had long and vexatiously delayed the case by applications for continuances and for changes of venue, and that the case was one in " which delay ought to have been prevented."

On the trial the court permitted one Milton Brown to testify as to the contents of a certain book belonging to one Gates. The testimony which Brown gave was substantially as follows: " I am deputy clerk. I know John Gellinger. He testified in the Gates case. I made an examination of a book which he had. There was an entry of May 20th, 1879, to cash cr., $2.50. The figures 10 were partially erased in the date, 20th, written over it. The

letters 'cr.' were not of the same characteristics as the other writing in the book. The figure 2 in the 20 was not like any other 2 on the page of the book. The 20 was much heavier written than others. That entry was heavier."

We think it plain that the court erred in admitting this evidence; and, as the appellant properly reserved exceptions, we must reverse the judgment. The Attorney General in his brief does not attempt to directly defend the ruling, but insists that, as the accused introduced incompetent evidence, the State had a right to do likewise. If it were granted that the accused had introduced incompetent evidence, it would not follow that the State might also do so; especially must this be so, where the State interposes no objection. The record does not, however, bear the construction placed upon it by the State. All that the accused's witness said upon this point was, " I charged him with the money I paid him, on my book. It was charged on May 20th, 1879." For the error in admitting the evidence of Brown, the judgment must be reversed.

Judgment reversed, and cause remanded for a new trial. The clerk is directed to issue the proper notice.