Filed Nov. 26, 1883.

---

No. 10,664.

## KENNEY ET AL. *v.* PHILLIPY.

JUDGE PRO TEM.—*Appointment.—Supreme Court.—Presumption.*—Where no objection to a judge *pro tem.* was made in the court below, the Supreme Court will presume that his appointment was valid unless it affirmatively appears otherwise by the record.

DEED.—*Consideration.—Evidence.*—Parol evidence is admissible to show that the consideration of a deed, recited therein to be one dollar, was in fact natural love and affection.

SAME.—*Statement of Grantor.—Res Gestæ.*—The statements of the grantor in a deed, which is in evidence, made at the time of its execution, are always admissible in evidence as part of the *res gestæ.*

SAME.—*Witness.—Agent.—Statute Construed.*—A scrivener employed to prepare a deed is not an agent contemplated by section 500, R. S. 1881, which makes a living party a witness to a transaction with one deceased when an agent of the deceased has testified concerning it.

NEW TRIAL.—*Evidence.—Supreme Court.*—The admission or exclusion of evidence can not be questioned on appeal to the Supreme Court, unless assigned as cause for a new trial.

DESCENTS.—*Reversion.*—An estate, granted in consideration of love and affection, reverts to the grantor, if living, upon the death of the grantee intestate, without issue, and unmarried. R. S. 1881, section 2473.

PARTITION.—*Title.*—*Estate for Life.*—*Former Adjudication.*—A judgment in partition, assigning a share of the land to one for life, who is really seized of the share in fee simple, gives the share in fee simple, having the effect merely to part the land, without otherwise affecting the title, unless an issue had been made and directly decided as to the title.

From the Superior Court of Marion County.

*P. W. Bartholomew* and *E. C. Buskirk*, for appellants.

*W. W. Herod* and *F. Winter*, for appellee.

ELLIOTT, J.—It is insisted by the appellants that the judgment should be reversed for the reason that the special judge, appointed to try this cause, had no authority to act as such. No objection was made in the court below, and appellants can not here successfully complain· unless the record affirmatively shows that the appointment was without authority of law. This it does not do. There are cases in which a judge *pro tempore* may be appointed by a judge of the superior court, and as the record discloses nothing to the contrary we must presume this to be such a case. Presumptions are always indulged in favor of the action of the trial court, and, we must, therefore, presume that the appointment in this case was legal and regular. Of course, if the statute forbid such an appointment, or if the record showed the case to be one in which such an appointment could not be legally made, we should be bound to hold the proceedings void. This, however, is not such a case. The record being silent as to any objections to the appointment, and there being cases in which an appointment may be made, we must sustain the ruling of the trial court. *Zonker* v. *Cowan*, 84 Ind. 395; *Kennedy* v. *State*, 53 Ind. 542; *Winterrowd* v. *Messick*, 37 Ind. 122; *Feaster* v. *Woodfill*, 23 Ind. 493; *Kane* v. *State*, 71 Ind. 559.

This action was commenced by Margaret Coble to recover the possession of real estate; pending the action she died, and the appellee, having shown that he had purchased the land from her, was substituted as plaintiff.

The land in dispute was owned by the husband of Margaret Coble at the time of his death, and her interest is such

as she acquired as his widow.  After her rights had vested she made a conveyance of the land to the children of John Coble, reserving to herself a life-estate; the consideration expressed in the deed is one dollar, but there is evidence strongly tending to show that no valuable consideration was paid.  The children of John Coble died prior to the death of Margaret Coble, unmarried and without children surviving them.

The appellee was permitted to prove the actual consideration of the deed, and in this there was no error.  Few rules are better settled than that which declares that the question of consideration is not closed by the recitals of the deed, and that the true consideration may always be shown by parol evidence.

What the grantor said at the time of making the deed, as to the consideration upon which it was founded, was properly admitted as part of the *res gestæ.*  The declarations of a deceased grantor are not, it is true, admissible in favor of the heirs or executors, unless some rule of evidence would make them competent in his favor, if he were living and a party to the action; but when they are part of the transaction they are always competent.  The rule which we deem the correct one is thus expressed in a recent work on evidence:  "But the decedent's admissions and declarations are not competent in favor of the representative, unless some rule of evidence would admit them in favor of the decedent if living, as, for instance, where they were part of the *res gestæ* of an act properly in evidence."   Abbott Trial Ev. 60; *Doe* v. *Reagan,* 5 Blackf. 217 (33 Am. Dec. 466); *Hamilton* v. *State,* 36 Ind. 280 (10 Am. R. 22); *Howe* v. *Yopst,* 20 Ind. 409; *Ghormley* v. *Young,* 71 Ind. 62; *Baker* v. *Gausin,* 76 Ind. 317.

Where declarations form part of the thing done, they are admissible in evidence whether the person by whom they were made is, or is not, a competent witness, and the fact that Mrs. Coble would not have been a competent witness is therefore unimportant.

A scrivener employed for the purpose of drafting a deed is

not the agent of the grantor, within the meaning of section 500 of the statute. R. S. 1881, sec. 500. An agent is, ordinarily, one who acts in his principal's place and behalf, and it is to this class of agents that the statute applies. In the present instance, the witness Trowbridge was employed not to make a contract, but to prepare the evidence of it, and it is very clear that to such the statute has no application.

It is a settled rule of practice that no questions upon the admission or exclusion of evidence will be considered on appeal unless properly presented by the motion for a new trial, and this rule precludes us from considering many of the questions argued by counsel, as the reasons assigned in the motion for a new trial are not sufficient to present them.

The 7th section of the statute of descents contains this provision: "An estate which shall have come to the intestate by gift or by conveyance, in consideration of love and affection, shall, if the intestate die without children or their descendants, revert to the donor, if living, at the intestate's death, saving to the widow or widower, however, his or her rights therein." We think the evidence brought the appellee's case fully within this statute. The recital of the nominal consideration of $1 was, as we have seen, not conclusive, and the evidence clearly shows that love and affection, and not the nominal sum named, was the real consideration. The land had reverted to Margaret Coble, and her conveyance vested a good title in the appellee.

During the lifetime of the children of John Coble, Margaret Coble instituted partition proceedings, and judgment was entered, partitioning the land, awarding to her the life-estate, and to John Coble's children the fee, and this decree is relied upon as estopping her grantee from claiming title. It is the law of this State that an ordinary judgment of partition does not create title, but simply makes division of the land. *Miller* v. *Noble*, 86 Ind. 527; *Utterback* v. *Terhune*, 75 Ind. 363; *Avery* v. *Akins*, 74 Ind. 283; *Teter* v. *Clayton*, 71 Ind. 237. It is also the law, as these cases show, that the

judgment in such a case does not operate upon after-acquired titles, and here the reversionary title of Margaret Coble was acquired after the death of John Coble's children. It is no doubt true, that an issue may be framed, directly presenting for decision, the question of title, and when such an issue is framed and directly adjudicated, the judgment will be conclusive. *Miller* v. *Noble, supra; McMahan* v. *Newcomer,* 82 Ind. 565; *Cravens* v. *Kitts,* 64 Ind. 581; *Milligan* v. *Poole,* 35 Ind. 64; *Godfrey* v. *Godfrey,* 17 Ind. 6. There was, however, in this case no such issue, and no such adjudication.

Filed Sept. 19, 1883. Petition for a rehearing overruled Nov. 26, 1883.