## WRIGHT v. McCLAREY ET AL.

[No. 16,014. Filed December 20, 1938.]

*Benjamin F. Zeig,* for appellant.

*Roscoe Kiper* and *Leonard Ashley,* for appellees.

CURTIS, C. J.—This was an action in the trial court upon two promissory notes, brought by the appellant against the appellees. The first paragraph of the appellant's complaint sued upon a promissory note in the sum of $150.00, dated February 14, 1932, and executed by appellees, R. E. McClarey and Bertha McClarey to

one W. W. Wright, whose real name was James Garfield Wright, and who died prior to the bringing of this action. It was alleged that the appellant received said note from the estate of James Garfield Wright as a part of his distributive share of said estate, he being an heir.

The second paragraph was upon the other note and was identical in legal effect with the first paragraph, the only difference being such as was necessary to describe the second note. The appellees filed separate and several paragraphs of answer to each paragraph of the complaint alleging payment of the notes before the commencement of the action.

Upon the issues thus made the cause was tried before the court, without the intervention of a jury, resulting in a finding upon both paragraphs of the complaint for the appellees against the appellant. A judgment was duly rendered upon the finding. The appellant seasonably filed a motion for a new trial which was overruled and this appeal was then prayed and perfected. The error assigned here is the ruling on said motion. The causes or grounds of the motion for a new trial may be summarized as follows: The decision of the court is not sustained by sufficient evidence, is contrary to law, and alleged error as to certain rulings in admitting certain items of evidence.

The appellees introduced evidence at the trial to the effect that the notes in suit were fully paid by them to the said W. W. Wright, whose real name was James Garfield Wright, in his lifetime, and produced his receipts at the trial in support of their claim. This evidence was to the effect that the said Wright claimed he had lost the notes and that the receipts were taken for the purpose of preventing a second recovery upon the notes. In connection with all of these payment matters the appellees called as a witness their son Harold M.

McClarey who was present when the payment transaction took place. His testimony was admitted in evidence over the objection of the appellant. The said receipts which he identified as having been given in his presence were also admitted over objection by the appellant. The basis of the objection was a contention made by the appellant that the said witness was the agent of the appellees in connection with the transaction by which the said notes were claimed to have been paid, and that the witness was barred by the following statutory provision: "No person who shall have acted as an agent in the making or continuing of a contract with any person who may have died, shall be a competent witness in any suit upon or involving such contract, as to matters occurring prior to the death of such decedent, on behalf of the principal to such contract, against the legal representatives, or heirs of the decedent, unless he shall be called by such heirs or legal representatives."

Upon the question of whether or not the said son was the agent of his father and mother who are the appellees herein the trial court heard evidence. It seems to us that there is an abundance of evidence to sustain the conclusion evidently reached by the trial court that the son was not an agent of the appellees within the meaning of the statute above quoted. The court under the evidence could properly conclude that the son loaned his parents the money and that in reality his father, one of the appellees, carried on the payment transactions with Wright and paid him the money in the son's presence. Under these circumstances we think that the court was warranted in concluding that there was no agency of the witness for the appellees in that transaction within the meaning of said statute. We believe that the ruling admitting his testimony was not error. His evidence, together with the receipt, along with the other evidence in the case, is ample to sustain

the decision of the court. We find no reason to conclude that the decision is contrary to law.

For cases throwing light on the question under consideration see: *Peter & Burghard Stone Co. et al.* v. *Marion National Bank of Marion* (1926), 198 Ind. 581, 153 N. E. 472; *Piper, Executor* v. *Fosher* (1890), 121 Ind. 407, 23 N. E. 269; *Tremain, Admr.* v. *Severin et al.* (1896), 16 Ind. App. 447, 45 N. E. 620; *Kenny et al.* v. *Phillipy* (1883), 91 Ind. 511, 513. In the latter case the court, speaking through Judge Elliott, said:

> "A scrivener employed for the purpose of drafting a deed is not the agent of the grantor, within the meaning of section .500 of the statute. R. S. 1881, sec. 500. An agent is, ordinarily, one who acts in his principal's place and behalf, and it is to this class of agents that the statute applies. In the present instance, the witness Trowbridge was employed not to make a contract, but to prepare the evidence of it, and it is very clear that to such the statute has no application."

It is not seriously contended by the appellant that the mere relationship of the appellees of parent to the said witness would disqualify him as a witness. Certainly such a contention would be untenable. See: Sections 2-1713 and 2-1714 Burns R. S. 1933.

Finding no reversible error, the judgment is affirmed.