ANDREWS ET AL. *v.* HARRIS.

[No. 18,789. Filed April 29, 1957.]

*Saul I. Ruman, Sachs and Ruman* and *Harry Schelf,* all of Hammond, for appellants.

*William I. Marlatt, Hulbert & Marlatt* of Gary, for appellee.

CRUMPACKER, J.—One Leonard Settles died of late leaving the appellant Theophlius Andrews, a minor child, as his sole and only heir at law. The appellant George B. Hoffman, Jr., is the duly qualified and acting administrator of the Settles' estate and the appellant

Mercantile National Bank is the legal guardian of the minor heir Theophlius Andrews. At the time of his death the said Leonard Settles together with the appellee, Roxanna Harris, were the owners, as tenants in common, of Lot 16, Block 3, Chicago, Tolleston Land & Investment Company's Fifth Addition to Tolleston, also known as 1609 Adams Street, Gary, Indiana. Said lot is improved by a building, the character of which is not disclosed by the record, but it appears that the property is not susceptible of division in kind and the appellee, desiring her interest therein set off to her, brought this suit against the appellants to force the sale of the property and a division of the proceeds. In her complaint she alleges that the real estate involved, together with a policy of fire insurance thereon, was purchased from one Alexander Mouroutis for $6,059.20 cash. That she paid the entire price but title was taken in the names of herself and Leonard Settles, as tenants in common, upon the express agreement between them that she was to have a lien on the undivided one-half interest of Settles in the sum of $3,029.60 until such time as he should reimburse her for the money so advanced in his behalf. That no part of said money has been paid to her and she asked the court to order the property sold and her said lien discharged from that half of the proceeds belonging to the Settles' estate. Issues were joined on this complaint and the cause was submitted to the court for trial resulting in a finding for the appellee and judgment of partition by sale of the property and a division of the proceeds and the discharge of the appellee's lien out of the Settles' estate share thereof.

It appears that at the trial the appellee offered as a witness one A. Martin Katz, an attorney at law, who represented Leonard Settles and Roxanna Harris is preparing the deed from Alexander Mouroutis to them and doing such things as were necessary in closing the trans-

action. The appellants objected to the competency of Katz as a witness to any matters occurring prior to the death of Leonard Settles on the theory that he was Settles' agent in the making of a contract during his lifetime and that this suit involves such contract and is against the legal representative and heir of said decedent. This objection was overruled by the court and Katz testified in effect that while employed as Leonard Settles' attorney he learned from conversations with Settles that he and Roxanna Harris were going to purchase the Mouroutis property together, with the said Harris furnishing all the money, and that the said Settles, now deceased, had agreed to repay Harris one-half of the purchase price out of the rent from the property and that Harris should have a lien on his interest in the property until she was repaid. The appellants refer us to no authority in support of their contention that Katz was an incompetent witness except §2-1717, Burns' 1946 Replacement, the pertinent part of which reads as follows:

> "No person who shall have acted as an agent in the making or continuing of a contract with any person who may have died shall be a competent witness in any suit upon or involving such contract as to matters occurring prior to the death of such decedent, on behalf of the principal to such contract, against the legal representatives or heirs of the decedent, unless he shall be called by such heirs or legal representatives."

There is evidence in the record from which the court could reasonably have inferred that the lien contract between the appellee and the decedent Settles was made before the parties came to Katz and he was merely employed as a scrivener to prepare the deed and close the deal with Mouroutis. It was held in *Kenney et al.* v. *Phillipy* (1883), 91 Ind. 511, 513, that

the statute upon which the appellants rely has no application to a situation such as is presently before us.

The appellants next contend that if there was an agreement for a lien on Settles' interest in the real estate in controversy the undisputed evidence indicates that it was an oral agreement and therefore void under the statute of frauds, §56-103, Burns' 1951 Replacement, which reads as follows:

> "Conveyances of land or of any interest therein, shall be by deed in writing, subscribed, sealed and duly acknowledged by the grantor or by his attorney, except bona fide leases for a term not exceeding three (3) years."

We see no need to discuss this statute as a defense to the present suit as we are of the opinion that the appellee's right to relief sought is not dependent upon a contract between herself and the decedent Settles. Thompson, in his exhaustive work on Real Property, Vol. 4, §2004, p. 526, says:

> "There is much authority for the doctrine that each tenant in common has an equitable lien upon the share of his cotenant until all equities relating to the tenancy are adjusted; or, in other words, while each tenant is vested with the title to his own undivided interest in the common estate, he holds a contingent interest in the entire estate until partition is made and accounts are settled."

Indiana has recognized this doctrine in *Foltz* v. *Wert et al.* (1885), 103 Ind. 404, 2 N. E. 950, where the executor of an estate, in consideration of an oral agreement between herself and other heirs to the effect that the amount of the advancements received by each should be charged against his or her interest in the real estate, surrendered personal property to the other heirs in various amounts. The court held that it was not necessary that the agreement be in writ-

ing in order that it might be equitably enforced. "Each tenant in common was seized of the land *per my et per tout*. Each had the right to hold the title until all equities relating to the tenancy were adjusted." See also *Peck et al.* v. *Williams* (1888), 113 Ind. 256, 15 N. E. 270.

The appellants do not contend that the appellee did not advance Settles' share of the purchase money for the property involved. Title was taken in their joint names as tenants in common and upon partition of the land the court merely adjusted the equities between the co-tenants who, at that time, were the appellee and the appellant Theophlius Andrews who had inherited the interest of Leonard Settles, deceased. The rights of no innocent purchaser for value were involved as was the case in *Brown* v. *Budd* (1850), 2 Ind. 442, upon which the appellants rely. These appellants stand in the same position as did Settles and their interest in the property is no greater than was his. In our opinion the court's decision is in accordance with the law in all respects.

The appellants say nevertheless that the court's decision is not sustained by sufficient evidence because there is no proof that the debt sued on is due and unpaid. We see no merit in this contention. It is undisputed that the appellee paid the whole purchase price of the property involved. Half of the money so advanced was for the use and benefit of Settles. The burden of proving repayment was upon the appellants— a burden which they failed to sustain.

Finally the appellants say that the contract for a lien, upon which the appellee relies, is too indefinite and uncertain to be enforced. As heretofore stated the appellee's rights are not dependent upon an express contract but rather upon the facts and circumstances of the case which, under the principle of law applicable thereto, give her an equitable interest in Settles' half of the

property. Thompson on Real Property, *supra; Foltz* v. *Wert et al., supra.*

Judgment affirmed.

NOTE.—Reported in 141 N. E. 2d 761.