D. EUGENE HOOPINGARNER *v.* GEORGE M. BOWSER ET AL.

[No. 272A78. Filed October 4, 1972.]

*George M. Bowser, Widaman, Bowser & Reed,* of Warsaw, for appellant.

*Herbert H. Bent, Rockhill, Kennedy, Pinnick, Sand & Bent,* of Warsaw, for appellees.

STATON, J.—D. Eugene Hoopingarner offered George Bowser as a witness to support certain allegations in his complaint against the Estate of Fred Hoopingarner to establish an equitable lien in the proceeds from a real estate sale. The real estate sale had been precipitated by a partition suit while Fred Hoopingarner was alive. George Bowser's competency as a witness was objected to by the counsel for Fred Hoopingarner's Estate for the reason that George Bowser was D. Eugene Hoopingarner's agent and within IC 1971, 34-1-14-8; Ind. Ann. Stat. § 2-1717 (Burns 1968) which provides in part:

> "No person who shall have acted as an agent in the making or continuing of a contract with any person who may have died, shall be a competent witness, in any suit, upon, or involving, such contract, as to matters occurring prior to the death of said decedent, on behalf of the principal to such contract, against the legal representatives, or heirs of the decedent, unless he shall be called by such heirs or legal representatives. . . ."

D. Eugene Hoopingarner contends in his motion to correct errors that there is no evidence from which the trial court could have reasonably inferred that George Bowser was acting as his agent within the statute. We agree with this contention and reverse the trial court in our opinion which follows.

*STATEMENT OF FACTS:* D. Eugene Hoopingarner filed his complaint for an equitable lien against certain proceeds resulting from the sale of real estate in the estate of Fred Hoopingarner, deceased. The lien was based upon an oral promise from Fred Hoopingarner to D. Eugene Hoopingarner to pay the sum of $2,455.28. Fred Hoopingarner had been a tenant and collection agent of garage rentals for D. Eugene Hoopingarner's mother, who is now deceased. It was alleged that Fred Hoopingarner had agreed to pay the agreed sum to D. Eugene Hoopingarner out of the proceeds from the sale of certain real estate which was the subject of a partition suit. The rhetorical paragraphs of D. Eugene Hoopingarner's complaint which are most helpful in understanding and determining this appeal are rhetorical paragraphs four and five. These rhetorical paragraphs are as follows:

"4. That in conference in May, 1959, in connection with and as part of the agreements reached between the plaintiff and the said Fred Hoopingarner in the matter of the certain partition suit then pending in Kosciusko Circuit Court, at Warsaw, Indiana, in Cause #28755 in the said Court, entitled FREDERICK HOOPINGARNER, ET AL VS. D. EUGENE HOOPINGARNER, the following accounting of the said tenancy and agency was made by Fred Hoopingarner to the Plaintiff:

Due to the Plaintiff From Fred Hoopingarner for the latter's tenancy for seventy-seven months from August 1, 1939 to January 11, 1946

| | | |
|---|---|---|
| at $47.50 per month | $3,657.50 | |
| Rentals collected for February and March, 1952 | 95.00 | |
| Total Chargeable | $3,752.50 | $3,752.50 |

Less credits claimed as follows:

| | | |
|---|---:|---:|
| Payment of cash by Fred Hoopingarner to or for benefit of Lilly Hoopingarner | 564.00 | |
| Repairs to garage building made by Fred Hoopingarner | 733.22 | |
| Total credits claimed | $1,297.22 | 1,297.22 |
| Balance due Plaintiff | | $2,455.28 |

"5. That upon completion of such accounting at the conference, the Plaintiff accepted the same as correct; and that it was then agreed between the said Fred Hoopingarner and the Plaintiff that the balance of $2,455.28 was then presently due and payable by the said Fred Hoopingarner to the Plaintiff, as an account stated; and thereupon at the request of the said Fred Hoopingarner, it was also agreed by the said Fred Hoopingarner and Plaintiff that the time for payment thereof be extended until the time of distribution of the share of Fred Hoopingarner in the proceeds of sales of real estate thereafter to be made in the said partition suit; and that such sum be paid by the Commissioners in said proceeding out of such share of Fred Hoopingarner in such proceeds distributable to Plaintiff."

George M. Bowser was D. Eugene Hoopingarner's attorney and was present when Fred Hoopingarner made his promise to pay the $2,455.28. Donald Vanderveer, Fred Hoopingarner's attorney, was deceased at the time of the trial. D. Eugene Hoopingarner and his attorney, George M. Bowser, were the only living witnesses who had heard Fred Hoopingarner make his oral promise to D. Eugene Hoopingarner. All of the allegations in D. Eugene Hoopingarner's complaint relating to back rental or an oral agreement to pay any sum were denied by the estate of Fred Hoopingarner.

When George Bowser was offered as a witness by D. Eugene Hoopingarner, the attorney for the estate of Fred Hoopingarner objected on the grounds that George Bowser was not a competent witness since he was an agent of D. Eugene

Hoopingarner within IC 1971, 34-1-14-8, *supra*. The trial court took the objection under advisement and permitted George M. Bowser to testify. After receiving briefs from both parties, the trial court sustained the objection and D. Eugene Hoopingarner filed his motion to correct errors which was overruled.

*STATEMENT OF THE ISSUE:* The only issue which will be discussed in the "Statement of the Law" section of our opinion is whether George M. Bowser is an agent within the meaning of the statute and incompetent to testify. D. Eugene Hoopingarner has stated this issue in his motion to correct errors in a more formal fashion as follows:

> "Is there evidence in the record from which the lower court could reasonably have inferred that George Bowser, the witness whose testimony was excluded, was acting as the agent of appellant in the making of the contract sued upon and that he was therefore an incompetent witness under Burns Ind. Statutes, 1968 Rep., Sec. 2-1717?"

*STATEMENT OF THE LAW:* The statute requires more than a mere agent-principal relationship before a witness is rendered incompetent to testify. We are concerned here only with that part of IC 1971, 34-1-14-8, *supra* which is set forth below:

> "No person who shall have acted as an agent in the making or continuing of a contract with any person who may have died, shall be a competent witness, in any suit, upon, or involving such contract, as to matters occurring prior to the death of said decedent, on behalf of the principal to such contract, against the legal representatives, or heirs of the decedent, unless he shall be called by such heirs or legal representatives. . . ."

This statutory provision *requires that the agent actively negotiate an agreement in his principal's place and on his behalf.*

In *Piper* v. *Fosher* (1889), 121 Ind. 407, 412, 23 N. E. 269

where an attorney witness was present ". . . only to advise with his clients with reference to the negotiations which resulted in the settlement," our Supreme Court held that it was not error for the witness attorney to testify. The Court stated:

"The foregoing provision [§ 2-1717] applies where an agent has acted for his principal in the making of a contract; . . ."

\* \* \*

". . . [H]e was not there as the agent of the appellee, or of her father and mother, to make the settlement, but only to advise with his clients with reference to the negotiations which resulted in the settlement."

In *Kenney* v. *Phillipy* (1883), 91 Ind. 511; where a witness had been employed to prepare a deed, our Supreme Court held that the statute had no application. The Court stated:

"A scrivener employed for the purpose of drafting a deed is not the agent of the grantor within the meaning of the [statute]. . . . An agent is, ordinarily, one who acts in his principal's place and behalf, and it is to this class of agents that the statute applies." 91 Ind. at 513, 514.

Also see *Andrews* v. *Harris* (1957), 127 Ind. App. 352, 141 N. E. 2d 761.

The evidence or some reasonable inference to be drawn from it must show that witness Bowser as the attorney for D. Eugene Hoopingarner was actively engaged in negotiating the oral agreement. If witness Bowser was only present to advise his client, D. Eugene Hoopingarner, he would be competent to testify. *Piper* v. *Fosher, supra; Kenney* v. *Phillipy, supra;* and *Andrews* v. *Harris, supra.*

Fred Hoopingarner's estate contends:

"There is evidence in the record from which the court could reasonably have inferred that Attorney Bowser had individual meetings with both the deceased Fred Hoopingarner and with his attorney Vanderveer, prior to May 7, 1959, attempting to negotiate a settlement of the controversy, and that he met thereafter with Vanderveer on the same subject."

The uncontradicted statements of witness Bowser when read in context with all of the evidence in the record leads to only one conclusion: Bowser arranged many meetings for his clients, D. Eugene Hoopingarner, Fred Hoopingarner and his attorney, Mr. Donald Vanderveer to discuss what was considered by all a "family matter." Both attorneys were involved with their clients concerning a partition suit which was a separate and distinct legal matter. George M. Bowser testified:

"Q. Were you present at conferences prior to that time?

"A. I don't remember conferences with Mr. Fred Hoopingarner when he was present. Many conferences with his attorney, Donald Vanderveer. On most occasions you were present. I would arrange the meetings. Mainly, what I did is arrange the meetings for you."

The "many conferences" with Fred Hoopingarner's attorney were to discuss a partition suit which was pending. D. Eugene Hoopingarner, a practicing attorney from Chicago, appears to have been the dominant figure in the negotiations regarding garage rentals. George M. Bowser further testified:

"A. In this particular matter, Mr. Fred Hoopingarner stated in the presence—also you were present—that he did owe the figure of $2,455.28 to D. Eugene Hoopingarner. And that that was for rentals that he had collected prior to the death of Clela Hoopingarner, life tenant, of real estate under the will of Benjamin Hoopingarner, who was also the mother of D. Eugene Hoopingarner. And in respect to that statement, Mr. D. Eugene Hoopingarner stated in the presence of all of us, 'All right, I agree to that figure even though it does not include interest from 1939 to the present time. He will accept the $2,455.28,' and then he got up from his chair and said, 'Fred, do you want to pay me now, or would you prefer to give me a note for this sum?' And then Mr. D. Eugene Hoopingarner said, 'Or would you prefer that this should be paid out of your share of the proceeds from the real estate in the partition suit which was involved here?' Fred Hoopingarner said, 'That will be O.K. with me.' As to that particular matter. That is the substance of what was said."

Although we cannot and will not weigh the evidence and can look only to that evidence and the reasonable inferences therefrom which support the judgment of the court, *City of Indianapolis* v. *Schmid* (1968), 251 Ind. 147, 240 N. E. 2d 66; *Turner* v. *State* (1972), 258 Ind. 267, 280 N. E. 2d 621; *Wm. J. & M. S. Vesey, Inc.* v. *Hillman* (1972), 151 Ind. App. 388, 280 N. E. 2d 88, in the present case, the evidence is without conflict and can lead to but one conclusion. The trial court as the trier of fact has reached an opposite conclusion which requires this Court to reverse the judgment as contrary to law. *Grote* v. *Grote* (1972), 151 Ind. App. 55, 277 N. E. 2d 909.

Our conclusion is best stated in *Peter and Burghard Stone Co.* v. *Marion Nat. Bank* (1926), 198 Ind. 581, 153 N. E. 472, where an architect attending meetings with his employer had made certain changes in the plans and specifications at the employer's direction. Our Supreme Court concluded in *Peter and Burghard Stone Co., supra,* that:

> "A servant or agent who was present during the negotiations between his employer and another which led up to a contract between them that he neither negotiated nor executed on behalf of either party did not act as an agent in the making of the contract within the meaning of the statute." 198 Ind. at 590.

The judgment of the trial court which excluded the testimony of George M. Bowser for the reason that he was an incompetent witness under IC 1971, 34-1-14-8; *supra,* should be and the same hereby is reversed.

Hoffman, C.J. and Sharp, J., concur.

NOTE.—Reported in 287 N. E. 2d 570.